1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
STEVEN R. WELK
4 | Assistant United States Attorney
Chief, Asset Forfeiture Section
5 | FRANK D. KORTUM
Assistant United States Attorney
6 | Asset Forfeiture Section
California Bar No. 110984
7 |      1400 United States Courthouse
       312 North Spring Street
8 |      Los Angeles, California 90012
       Telephone: (213)894-5710
9 |      Facsimile: (213)894-7177
       E-Mail: frank.kortum@usdoj.gov
10 |
Attorneys for Plaintiff
11 | United States of America

12 |                 UNITED STATES DISTRICT COURT

13 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 |                      SOUTHERN DIVISION

15 |

16 | UNITED STATES OF AMERICA,    ) NO. SACV 06-617-AHS (ANx)
                                 )
17 |           Plaintiff,         ) **PARTIAL CONSENT JUDGMENT OF**
                                 ) **FORFEITURE AS TO CLAIMANT DAVID**
18 |           v.                 ) **PHAM**
                                 )
19 | $528,203.00 IN U.S. CURRENCY,) [THIS PARTIAL CONSENT IS NOT
ONE ROLEX WATCH, and ONE 2004 ) CASE DISPOSITIVE]
20 | TOYOTA 4-RUNNER SR5,         )
                                 )
21 |           Defendants.        )
                                 )
_____ )
22 |                              )
DAVID PHAM AND NATALE NGUYEN,    )
23 |                              )
           Claimant.             )
24 | _____ )

25 |

26 |      On or about July 6, 2006, plaintiff United States of America

27 | ("the United States") filed a Complaint for Forfeiture alleging

28 | that the defendants: $200,000.00 in U.S. Currency and $13,399.00

FDK:gc

1  in U.S. Currency were subject to forfeiture pursuant to 21 U.S.C.

2  § 881(a)(6).

3      On or about October 2, 2006, plaintiff filed a First Amended

4  Complaint for Forfeiture alleging the defendants: $200,000.00 in

5  U.S. Currency, $13,399.00 in U.S. Currency, $280,000.00 in U.S.

6  Currency, $34,204.00 in U.S. Currency and One Rolex Presidential

7  Watch were subject to forfeiture pursuant to 21 U.S.C. §

8  881(a)(6).

9      On or about June 12, 2007, plaintiff filed a Second Amended

10 Complaint for Forfeiture alleging the defendants: $200,000.00 in

11 U.S. Currency, $13,399.00 in U.S. Currency, $280,000.00 in U.S.

12 Currency, $34,204.00 in U.S. Currency, One Rolex Presidential

13 Watch and One 2004 Toyota 4-Runner SR5 were subject to forfeiture

14 pursuant to 21 U.S.C. § 881(a)(6).

15     Claimant David Pham ("claimant") filed a claim on or about

16 August 14, 2006 and an answer to the complaint on August 31,

17 2006.  No other parties have appeared in this case and the time

18 for filing claims and answers has expired.  Claimant is relieved

19 of his obligation to file any additional claims or answers.

20     The United States and claimant have now agreed to settle a

21 portion of this action and to avoid further litigation by

22 entering into this Partial Judgment of Forfeiture.

23     The Court having been duly advised of and having considered

24 the matter, and based upon the mutual consent of the parties

25 hereto,

26     **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

27     1.   This Court has jurisdiction over the subject matter of

28 this action and the parties to this Partial Consent Judgment of

FDK:gc

Forfeiture.

2.   The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3.   Notice of this action has been given as required by law.  No appearances have been made in this case by any person other than claimant.  The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4.   Claimant shall forfeit the following: $200,000.00 in U.S. Currency (CATS ID # 06-DEA-462776); $13,999.00 in U.S. Currency (CATS ID # 06-DEA-465202); and $280,000.00 in U.S. Currency (CATS ID # 06-DEA-464803) to the United States of America.  The custodian of the defendants is ordered to dispose of the funds forfeited to the United States plus all interest earned in accordance with law.

5.   One Rolex Oyster Presidential Watch (CATS ID# 06-DEA-466436) shall be returned to the claimant.  Claimant, through his counsel, Kim Nguyen, Esq., shall make arrangements with the United States Marshals Office to pick up the Rolex watch.

6.   One 2004 Toyota 4-Runner SR5 (CATS ID# 06-FBI-001838) shall be returned to the claimant.  Claimant, through his counsel, Kim Nguyen, Esq., shall make arrangements with the United States Marshals Office to pick up the 2004 Toyota 4-Runner SR5.

7.   Defendant $34,204.00 in U.S. Currency shall remain in the custody of the United States Marshals Service pending further agreement of the parties or order from the Court.

8.   Claimant hereby releases the United States of America,

FDK:gc

1    its agencies, agents, officers, employees and representatives,

2    including, without limitation, all agents, officers, employees

3    and representatives of the Drug Enforcement Administration,

4    Federal Bureau of Investigation and the Department of Justice and

5    their respective agencies, as well as all agents, officers,

6    employees and representatives of any state or local governmental

7    or law enforcement agency involved in the investigation or

8    prosecution of this matter, from any and all claims, actions, or

9    liabilities arising out of or related to this action, including,

10   without limitation, any claim for attorney fees, costs, and

11   interest, which may be asserted by or on behalf of claimant.

12        9.   The Court finds that there was reasonable cause for the

13   seizure of the defendants and institution of these proceedings.

14   This judgment shall be construed as a certificate of reasonable

15   cause pursuant to 28 U.S.C. § 2465.

16        10.  The Court further finds that claimant did not

17   substantially prevail in this action, and each of the parties

18   hereto shall bear their own attorney fees and costs.

19        11.  The Court shall maintain jurisdiction in this case for

20   the purpose of effectuating the terms of this Partial Consent

21   Judgment of Forfeiture.

22

23        DATED:   September 27, 2011.

24

25                              ALICEMARIE H. STOTLER
                              _____
26                              HONORABLE ALICEMARIE H. STOTLER
                              UNITED STATES DISTRICT JUDGE
27

28

FDK:gc

CONSENT

   The parties hereto consent to the above Consent Judgment of
Forfeiture and waive any right of appeal.


DATED: September 21, 2011          ANDRÉ BIROTTE JR.
                                   United States Attorney
                                   ROBERT E. DUGDALE
                                   Assistant United States  Attorney
                                   Chief, Criminal Division
                                   STEVEN R. WELK
                                   Assistant United States Attorney
                                   Chief, Asset Forfeiture Section


                                   _____
                                   FRANK D. KORTUM
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA



DATED: September 21, 2011


                                   _____
                                   KIM NGUYEN, ESQ.
                                   Attorney for Claimant
                                   DAVID PAHM

5

FDK:gc